# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW R. FISHER, :
:
    Petitioner : CIVIL NO. 1:CV-06-01776
:
v. : (Judge Rambo)
:
JOHN PALAKOVICH, *et al.*, :
:
    Respondents :

## MEMORANDUM AND ORDER

**I.   Background**

Petitioner, Matthew R. Fisher, an inmate at the State Correctional Institution at Smithfield in Huntingdon, Pennsylvania, commenced this action with a *pro se* petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2254. (Doc. 1.) On October 4, 2006, Petitioner filed a memorandum of law in support of his petition. (Doc. 10.) Pending before the court is Petitioner's second motion for appointment of counsel. (Doc. 15.) For the reasons that follow, the motion will be denied.

**II.   Discussion**

Although prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), the court has broad discretionary power to appoint counsel to a

financially eligible habeas petitioner if "the interests of justice so require . . . ." *See* 18 U.S.C. § 3006A(a)(2);[1] *see also Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel. These include (1) the claimant's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation, (4) the claimant's capacity to retain counsel on his own behalf, (5) the extent to which the case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. *Id.* at 155-157. Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 may be provided counsel, "[w]henever the United States magistrate judge or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2).

2

inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

Here, as was the case with Petitioner's first motion, Petitioner's motion fails to set forth sufficient circumstances to warrant appointment of counsel. Assuming, solely for the purpose of deciding the motion, that Petitioner's complaint has arguable merit, Petitioner has not demonstrated that he is incapable of presenting comprehensible arguments. The petition and supporting memorandum of law are legibly written, Petitioner presented understandable arguments in support of relief, and investigation of facts does not seem beyond the capabilities of this Petitioner. Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for expert testimony, the case is not likely to turn on credibility determinations, and the court cannot say, at least at this point, that Petitioner will suffer prejudice if he is forced to prosecute this case on his own. Furthermore, this court's liberal construction of *pro se* pleadings mitigates against the appointment of counsel. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Ultimately, the court does not see circumstances which would warrant appointment of counsel to Petitioner at this time.

**IT IS THEREFORE ORDERED THAT** Petitioner's second motion for appointment of counsel (Doc. 15) is **DENIED**. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the court on its own initiative or upon a motion properly filed by Petitioner.

                                              /s/ Sylvia H. Rambo
                                              SYLVIA H. RAMBO
                                              United States District Judge

Dated: December 21, 2006