IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW R. FISHER, | : | Civil No. 1:06-CV-1776 |
| **Petitioner,** | : | **JUDGE SYLVIA H. RAMBO** |
| v. | : | |
| JOHN PALAKOVICH, et al, | : | |
| **Respondents.** | : | |

## M E M O R A N D U M

Petitioner, Matthew Fisher, an inmate at the State Correctional

Institution at Smithfield, Pennsylvania (hereinafter "SCI-Smithfield"), began this

action by filing a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Respondents

are John Palakovich, Superintendent at SCI-Smithfield; the Attorney General for the

State of Pennsylvania; and the District Attorney of Luzerne County, Pennsylvania.

Petitioner challenges the Pennsylvania Board of Probation and Parole's (hereinafter

"the Board") denial of parole from a 1997 conviction for forgery, theft by deception,

and retail theft.  Petitioner alleges violations of the Fourteenth Amendment Due

Process Clause and the Fifth Amendment[1] Double Jeopardy Clause.  Respondents

Palakovich and the Pennsylvania Attorney General (hereinafter "Respondents") filed

an opposition to the petition, and argue that the petition is without merit because it

names the wrong respondents or, in the alternative, that Petitioner's parole denial

was not unconstitutional because Petitioner cannot establish a constitutionally

protected interest, the Board properly exercised its discretion, and the revocation of

---

[1] Petitioner's actual petition (Doc. 1) identified the Fifth Amendment as the basis for his double jeopardy claim, but his memorandum in support of the petition (Doc. 10) referenced the Sixth Amendment.  Because the Fifth Amendment is the correct source of the Double Jeopardy Clause, the court will conduct its analysis under the Fifth, rather than the Sixth, Amendment.

parole for a prior offense fails to constitute double jeopardy.  The court finds that Petitioner fails to establish any constitutional violations associated with his parole denial and will dismiss the petition, with prejudice.

## I.        **Background**

Petitioner's current sentence arises from his 1997 arrest and subsequent conviction in Luzerne County, Pennsylvania, for the crimes of forgery, theft by deception, and retail theft.  On July 8, 1997, Petitioner was sentenced to seven consecutive sentences of nine months to two years imprisonment for six counts of forgery and one count of theft in Luzerne County.  On September 12, 1997, Petitioner was also sentenced in Monroe County, Pennsylvania, to one to two years imprisonment for a forgery conviction, six months to two years for a retail theft conviction, and three months to two years for a theft by deception conviction – all sentences to run consecutive to the July 8, 1997 Luzerne County sentences.

In addition to the 1997 criminal charges, Petitioner has an outstanding detainer from the Board regarding an unexpired prison term for a 1991 conviction in Luzerne County for involuntary deviate sexual intercourse.  Petitioner states that he was sentenced to two and a half to five years for the crime, served three years, was paroled in 1994, and successfully completed his parole in 1996.  However, Board records show that the Board declared Petitioner delinquent as of January 20, 1996 for multiple technical parole violations[2] and has ordered Petitioner to be

---

[2] A June 27, 1997 Notice of Board Decision lists the violations of conditions of parole as "leaving the district to which paroled without permission"; "changing residence without permission"; being "in the presence of any person under the age of 18 [without] another responsible adult [] present";

(continued...)

recommitted to the Luzerne County Prison when he completes his current sentence (imposed in 1997), to serve the remainder of the term for his 1991 conviction. (Doc. 17, Ex. at 15.)

The Pennsylvania Department of Corrections calculated Petitioner's 1997 sentence to have a minimum expiration date of July 24, 2002, and a maximum expiration date of January 24, 2011. The Board has refused to grant Petitioner parole in four decisions dated June 20, 2002, December 8, 2003, May 16, 2005, and June 14, 2006. Each decision followed an interview with Petitioner and concluded that parole was not in the interest of the fair administration of justice or Petitioner's or the Commonwealth's interests. The June 20, 2002 decision listed successful completion of a sex offenders treatment program, recommendation of the Department of Corrections, and a clear conduct record and completion of Department of Corrections prescriptive programs as items to be reviewed at Petitioner's next review.

The subsequent Board determinations similarly denied parole and listed the same three items as considerations for future parole reviews. In addition, the Board decisions state that the Board considered all matters required pursuant to the Parole Act,[3] and reflect that Petitioner's conduct and attitude at the parole interviews, recommendations of the Department of Corrections and other reports regarding Petitioner's history, and need to complete or failure to comply with

---

[2](...continued)

and violating "house arrest [and being prohibited from leaving Petitioner's residence without] prior approval from parole supervision staff." (Doc. 17, Ex. at 15.)

[3]  The Parole Act of 1941, as amended, is codified at 61 Pa. Cons. Stat. Ann. §§ 331.1 *et seq.*

additional institutional programs were bases for the Board's denials of parole in 2003, 2005, and 2006.  The 2002, 2003, and 2006 Board decisions also note the detainer from Luzerne County Prison to recommit Petitioner as a technical parole violator to serve his unexpired 1991 term when he becomes available.

Petitioner claims that the Board subjected him to unconstitutional double jeopardy and violated his due process rights because the Board considered his prior involuntary deviate sexual intercourse offense and required him to participate in related sexual offender treatment programs when it denied Petitioner parole from his current sentence.  Petitioner asks the court to order the Board to grant a fair and impartial hearing, or to vacate his sentence or the Board's decision to deny parole.

II.       **28 U.S.C. § 2254**

The statutory basis for federal court review of a petition for a writ of habeas corpus "of any state prisoner in custody in violation of federal law" arises from 28 U.S.C. § 2254.  *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001) (internal quotations omitted).  Section 2254 provides the court with broad jurisdiction to review not only the validity of a sentence itself, but also the execution of the sentence.  *Id.* at 485-86.  Accordingly, the court reviews challenges to the constitutionality of a parole determination for a state sentence under § 2254.

III.      **Discussion**

Petitioner fails to establish any constitutional violations in connection with the Board's denials of parole from the 1997 sentence because the Board

properly exercised its discretion and Petitioner has not been punished twice for the same offense. The crux of Petitioner's argument is that he "satisfactorily completed a sentence for a sex crime in 1996" and is impermissibly being punished again for that offense through the present parole denials in connection with the 1997 forgery and theft offenses. Petitioner's due process argument is flawed because he fails to assert a constitutionally protected property or liberty interest. The flaw in Petitioner's double jeopardy argument lies, in large part, in the fact that the Board's records indicate that Petitioner did not complete his prior sentence in 1996, as he claims. Before the court addresses the merits of Petitioner's claims, however, the court will address Respondents' threshold challenges that the petition generally fails because Petitioner does not name the proper parties as respondents and that the Board retains sole discretion to grant or deny parole.

First, Respondents argue that the petition should be denied because it lacks allegations attributing constitutional violations to Superintendent Palakovich or the State Attorney General, and emphasize that neither party has the authority to provide the relief sought. When a prisoner in custody under a state court judgment files a habeas petition in district court, "the petition must name as respondent the state officer who has custody." *See* 28 U.S.C. foll. § 2254, Rule 2(a). Here, Superintendent Palakovich is the state officer who has custody of Petitioner and, thus, is properly named as Respondent. However, neither the State Attorney General nor the Luzerne County District Attorney[4] are statutorily required to be named as Repondents. Further, the petition lacks any allegations attributing

---

[4] The Luzerne County District Attorney did not join Respondents Palakovich and the State Attorney General in filing the opposition to the petition; however, the court's reasoning applies equally to him.

constitutional deprivations to the State Attorney General or Luzerne County District Attorney. Accordingly, the court will dismiss the petition, with prejudice, with respect to those two Respondents only. The court will proceed with the remainder of its review of the petition with respect to Superintendent Palakovich only.

Second, Respondents emphasize that the decision whether to grant parole lies wholly within the discretion of the Board, citing *Rogers v. Pa. Bd. of Prob. & Parole*, 555 Pa. 285 (1999). The court is unclear whether this argument is meant to suggest that Board's parole decisions regarding state sentences are unreviewable here. *See id.* at 291 (reasoning that state courts in Pennsylvania "do not have statutory jurisdiction to conduct appellate review of a decision of the Board, since such a decision does not constitute an adjudication"). Such an argument is unavailing because 28 U.S.C. § 2254 clearly provides a district court with the jurisdiction to review constitutional violations associated with the execution of a state sentence. Accordingly, although acknowledging the discretion afforded to the Board, the court will proceed with its review of the merits of Petitioner's due process and double jeopardy claims.

Petitioner's due process claim fails because he fails to establish a sufficient property or liberty interest. To establish that the state has violated an individual's right to procedural due process, a petitioner must first demonstrate the existence of a property or liberty interest sufficient to justify notice and an opportunity to be heard. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). To establish a property interest, Petitioner must have more than a "unilateral expectation" of parole, but instead have a legitimate claim of entitlement to it, created expressly by state statute or regulation, or arising from government policy or

6

a mutually explicit understanding.  *Id.* at 577.  In the absence of a property interest, the viability of Petitioner's claim would depend upon a protected liberty interest.  *Id.* at 571.

Petitioner presents no statute, regulation, or policy that would create a legitimate property interest, nor is the court aware of any.  To the contrary, Pennsylvania statute indicates that parole is a Board decision, *see* 61 Pa. Cons. Stat. Ann. § 331.21, based on a number of different factors, *see id.* § 331.19, and clearly not a guarantee.  Moreover, explicit federal and state authority provides that there is no constitutionally protected liberty interest in parole.  "There is no constitutional or inherent right of a convicted person to be conditionally released before expiration of a valid sentence."  *Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Rather, "parole is a matter of grace and mercy shown to a prisoner who has demonstrated . . . his future ability to function as a law-abiding member of society upon release before the expiration of the prisoner's maximum sentence" and "under both [the Pennsylvania Supreme Court's] precedent and the precedent of the United States Supreme Court, [the Board's] decision to grant or deny parole does not affect an existing enjoyment of liberty."  *Rogers*, 555 Pa. at 322-23. Accordingly, Petitioner has no property or liberty interest in parole and, thus, fails to establish a due process violation here.

Petitioner also claims that the Board's parole denials violate the Double Jeopardy Clause of the Fifth Amendment.  Respondents interpret Petitioner's argument to be that the revocation of parole from the 1991 sentence was improper. However, the court interprets Petitioner's argument to be that the Board's consideration of the 1991 involuntary deviate sexual intercourse offense as a basis

for denying parole from the 1997 sentence for forgery and theft offenses is the source of the alleged double jeopardy violation.  In either case, Petitioner's argument fails.

The Fifth Amendment of the United States Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  However, parole revocations and "the imposition of confinement when an offender violates his term of probation ha[ve] never been considered to raise a serious double jeopardy problem." *Ralston v. Robinson*, 454 U.S. 201, 220 n.14 (1981) (citing *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980)).  The Board's records establish that, contrary to what Petitioner states in his petition, he had not satisfactorily completed parole for the 1991 offense in 1996, but in fact violated his parole and was ordered to be recommitted to serve the remainder of his sentence in the Luzerne County Prison. (Doc. 17, Ex. at 15.)  Therefore, to the extent that Petitioner's double jeopardy challenge is based on the outstanding detainer in Luzerne County for the 1991 sentence, his argument fails.

In the alternative, Petitioner fails to show that the Board improperly considered his former sentence and participation in programs related to that prior offense, when denying parole from the 1997 offenses, because Pennsylvania statute permits the Board to consider Petitioner's complete criminal record.  *See* 61 Pa. Cons. Stat. Ann. § 331.19.[5]  Pennsylvania law also permits, in fact calls for, the

---

[5] The version of the statute in effect in 1997, when Petitioner was sentenced for the forgery and theft offenses, stated, in relevant part, that "The board shall further cause the conduct of the person while in prison and his physical, mental and behavior condition and history, his history of family

(continued...)

Board to review a prisoner's "general character and history." *Id.* In sum, the Board acted within its discretion in considering Petitioner's 1991 offense and his conduct with respect to related treatment programs and parole. The court also notes that Petitioner's current sentence has not been increased based on such considerations of the 1991 offense. The parole denials have not altered the maximum length of the sentence imposed in 1997; it has remained the same as when it was imposed. Accordingly, Petitioner fails to establish a violation of the Double Jeopardy Clause based on the Board's denials of parole from the 1997 sentence.

**IV.       Conclusion**

          In accordance with the foregoing discussion, because Petitioner fails to establish violations of either his Fourteenth Amendment right to due process or the Fifth Amendment protection against double jeopardy, the court will deny the petition, with prejudice. An appropriate order shall issue.


                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated:  January 17, 2007.

---

          [5](...continued)
violence *and his complete criminal record*, as far as the same shall be known, to be investigated and reported." *Id.* (emphasis added).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MATTHEW R. FISHER,**                     :       **Civil No. 1:06-CV-1776**
                                            :
        **Petitioner,**              :       **JUDGE SYLVIA H. RAMBO**
                                            :
        **v.**                      :
                                            :
**JOHN PALAKOVICH, et al,**                :
                                            :
        **Respondents.**             :
                                            :

## O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**

    1) The habeas corpus petition of Matthew Fisher is **DENIED, with prejudice**;

    2) The Clerk of Court shall close the file; and

    3) There exists no basis for the issuance of a certificate of appealability.


                         s/Sylvia H. Rambo
                         SYLVIA H. RAMBO
                         United States District Judge

Dated:  January 17, 2007.